IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FINANCIAL PROTECTION CORPORATION,** : | |
| : | |
| Plaintiff, : | Case No. 2:09-CV-894 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | Magistrate Judge King |
| **AUTOLAND, INC.,** : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**
**I. INTRODUCTION**

This matter is before the Court on the following motions by Defendant, Autoland, Inc.'s ("Autoland"): (1) Motion to Compel Arbitration Pursuant to the Federal Arbitration Act; (2) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or the Federal Arbitration Act ("FAA"), or, in the Alternative, Stay the Proceedings; and (3) Motion to Dismiss for Want of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Doc. 71.)  For the reasons set forth below, this Court lacks subject matter jurisdiction to hear this case and the action is **REMANDED** to the Franklin County Court of Common Pleas.

**II. BACKGROUND**

Financial Protection Corporation ("FPC") is an Ohio corporation, doing business in Franklin County, Ohio.  FPC administers mechanical breakdown insurance ("MBI"), which is sold as a product in the automobile industry.  Autoland is a California Corporation that provides automobile purchase services to members of credit unions.  As part of its business, FPC may provide various financial incentives in return for arranging MBI coverage to retailers and other purchasing services, like Autoland.

At some point before the document was later amended,[1] Autoland and FPC entered into a Producer Agreement. Included with the Producer Agreement is Schedule 1, which sets forth that Autoland "shall be entitled to retain 37% of the net written MBI premium as [a] fee. . . ." (Doc. 4 Am. Compl. Ex. 1 p. 4.)  The Producer Agreement contained a provision which specified that "[a]ny dispute regarding this Agreement, or the breach thereof, shall be submitted to arbitration for resolution.  Any Arbitration shall be conducted under the procedures of the American Arbitration Association."  (Doc. 4 Am. Compl. Ex. 1 p. 2.)

On December 15, 2004, Autoland and FPC executed an Amendment to Producer Agreement, replacing "[a]ll references to Westchester Fire Insurance Company in the existing Producer Agreement . . . with Standard Guarantee Insurance Company." (Doc. 4 Am. Compl. Ex. 3.)  On July 2, 2007, Autoland and FPC again executed an Amendment to Producer Agreement, this time replacing "[a]ll references to Westchester Fire Insurance Company and Standard Guarantee Insurance Company in the existing Producer Agreement and previous Amendment . . . with General Fidelity Insurance Company."  Both the December 15, 2004 Amendment and the July 2, 2007 Amendment specified that "[i]n all other respects, the Producer Agreement shall remain in full force and effect."  (Doc. 4 Am. Compl. Exs. 3, 4.)

FPC and Autoland also generated a document entitled Underwriting Profit Participation. Pursuant to the Underwriting Profit Participation, Autoland would be eligible to participate in FPC's underwriting profits, "provided the combined loss ratio for all Programs does not exceed

---

[1]The Producer Agreement as it was originally executed was attached to FPC's Amended Complaint as Exhibit 1.  (*See* Doc. 4 Am. Compl. Ex. 1.)  Neither the Producer Agreement, nor Schedule 1 that is included in the document, contain a date of execution or are otherwise dated. *Id*. at p. 3, 4.  In addition, the line on the signature page where the parties were to fill in a date is blank.  *Id*. at p. 3.

90% of the insurance reserve." (Doc. 4 Am. Compl. Ex. 2.) There is no signature page attached to this document.[2] FPC states that the Underwriting Profit Participation program was intended to benefit Autoland only for those "MBI policies underwritten by Westchester and sold before December 15, 2004 and on a purely donative basis." (Doc. 12 Pl. Response p. 3.)

On September 4, 2009, FPC filed suit against Autoland. On October 9, 2009, invoking the diversity jurisdiction statute, 28 U.S.C. § 1332, Autoland removed this case from the Franklin County Court of Common Pleas to this Court. Also on October 9, 2009, FPC filed an Amended Complaint, seeking a declaratory judgment, pursuant to O.R.C. 2721 et seq., that Autoland does not have a right to share in any underwriting profits received by FPC and relating to MBI policies sold by or through Autoland. On November 13, 2009, Autoland moved to dismiss this case arguing that this Court: (1) lacks personal jurisdiction over Autoland pursuant to Rule 12(b)(2); (2) should compel arbitration; and (3) should stay or dismiss proceedings pursuant to Rule 12(b)(6).

### III. STANDARD OF REVIEW

#### A. Subject Matter Jurisdiction

A Rule 12(b)(1) motion is the appropriate vehicle for determining whether subject matter jurisdiction exists in a particular case. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A "party faced with a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) may not rest on factual assertions in its pleadings." *Rutkofske v. Norman*, No. 95-2038, 1997 WL 299382, *3 (6th Cir.1997); ( see also Ohio Nat'l. Life Ins. Co., 922 F.2d at

---

[2]Thus, it is unclear if FPC and Autoland ever formally signed on to this Underwriting Profit Participation agreement.

325) ("[W]hen a court reviews a complaint under a factual attack [on jurisdiction], ... no presumptive truthfulness applies to the factual allegations."). Where the Court decides that it lacks subject matter jurisdiction, it may dismiss a case. *Keeran v. Office of Personnel Management*, 827 F.2d 770, 770 (6th Cir. 1987) ("We now decide that where a district court properly concludes it is without subject matter jurisdiction, a sua sponte dismissal is [permitted].")

### B. Personal Jurisdiction

Autoland has filed a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. The plaintiff bears the burden of proving that personal jurisdiction exists. *CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1262-63 (6th Cir. 1996). This Court held a preliminary injunction hearing, at which evidence was presented on the issue of personal jurisdiction. When an evidentiary hearing is held, the plaintiff must establish personal jurisdiction by a preponderance of the evidence. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003).

### C. Failure to State a Claim

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430,

434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The Court, however, is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

## IV. LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

This Court, like all of "[t]he district courts of the United States . . . are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Exxon Movil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005). By statute, this Court "shall have original jurisdiction of all actions arriving where the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). The removal statute allows a defendant to remove "civil actions from state court to

federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 81 (2005) (citing 28 U.S.C. § 1441).  Further, "[d]etermination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Therefore, "[t] satisfy the amount-in-controversy requirement at least one plaintiff's claim must independently meet the amount-in-controversy specification."*Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

A defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy is sufficient. *Id.* ("A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement.").  Generally,"'the sum claimed by the plaintiff controls,' but where plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000. *Id* (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. V. Friend*, 130 S.Ct. 1181, 1192 (2010)).  In addition, "all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581(6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)); *see also Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The removal petition is to be strictly construed, with all doubts resolved against removal.")

Here, FPC has requested the following relief in its Amended Complaint:

WHEREFORE, Plaintiff respectfully requests relief from this Court and a declaration pursuant to R.C. 2721 et seq. That Defendant Autoland, Inc. Does not have a right to share a portion of any underwriting profit Plaintiff may receive relative to policies sold by or through Defendant under the mechanical breakdown

>insurance programs underwritten by Standard Guarantee Insurance Company and General Fidelity Insurance Company.

(Doc. 4 Am. Compl. p. 5) FPC's Amended Complaint was also attached to Autoland's Notice of Removal. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938) (holding that a post-removal amendment to a complaint can not destroy diversity jurisdiction).[3] FPC prays for equitable relief in the form of a declaratory judgment. Not only does FPC not state that the amount of controversy exceeds $75,000, FPC does not request any monetary or other legal relief.

>Autoland here claims that the amount in controversy is met:
>
>While the Complaint does not specifically quantify Plaintiff's damages, the amount of profit from policies that have been sold *and/or will be sold* to Defendant's customers under the mechanical breakdown insurance programs underwritten by Standard Guarantee Insurance Company and General Fidelity Insurance Company to which Defendant is entitled pursuant to the Producer Agreement exceeds $75,000. Therefore the amount in controversy clearly exceeds $75,000.

(Doc. 1 Notice of Removal p. 3) (emphasis added). Autoland can not meet its burden to show, by a preponderance of the evidence, that the $75,000 amount in controversy requirement is met in this case. First, it relies upon future policies that may be sold to meet the requirement. Case law establishes that the amount of controversy requirement must be *at the time of removal*. *Rogers*, 230 F.3d at 871. Second, Autoland is arguing not that FPC is entitled to $75,000 or more under any agreements between the parties, but that Autoland would be entitled to money. It is the plaintiff's claim for relief, here FPC, which determines the amount of controversy. Any

---

[3] Both the Complaint and the Amended Complaint filed in the Franklin County Court of Common Pleas request relief in the form of a default judgment, pursuant to O.R.C. 2721 et seq., only. (*See* Doc. 1 Notice of Removal Exs. 1,2; Doc. 4 Am. Compl.)

amount that Autoland claims can not be used to meet the jurisdictional requirement. *Everett*, 460 F.3d at 822.

As the jurisdictional requirement that the amount in controversy must be $75,000 is not met, the requirements for diversity jurisdiction are not satisfied. See 28 U.S.C. § 1332(a). This court lacks subject matter jurisdiction to hear this case.[4] Therefore, this case is **REMANDED** to state court.

### B. Motions to Compel Arbitration and to Dismiss

Since this Court lacks subject matter jurisdiction to hear this case, it can not rule on Autoland's Motions to Compel Arbitration and to Dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(6). The Sixth Circuit has stated that "[i]t is a well settled principle that 'the the district court must be certain that federal subject matter jurisdiction is proper before entertaining a motion by the defendant under Federal Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted'." Godsey v. Miller, 9 Fed. App'x 380, 384 (6th Cir. 2001) (citing 14C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739, at 423 (3d ed.1998)) ("Although it is obvious that, without subject-matter jurisdiction, the court was without power to decide any substantive motion on the merits of the case, this sequence of analysis and orders has created unnecessary uncertainty regarding the nature and

---

[4] In addressing the FAA, 9 U.S.C. § 1 et seq., the Supreme Court has stated that "§ 4 of the FAA," under which Autoland seeks to compel arbitration, "does not enlarge federal-court jurisdiction; rather, it confines federal courts to the jurisdiction they would have 'save for [the arbitration] agreement." *Vaden v. Discovery Bank*, 129 S.Ct. 1262, 1275 (2009). Courts have found that this is inapplicable where the parties are properly in federal court in the context of diversity jurisdiction. *See Credit Acceptance Corp. v. Davisson*, 644 F.Supp. 2d 948, 953 (N.D. Ohio 2009). Here, since diversity jurisdiction does not exist, Davisson does not apply and the FAA can not keep this case in federal court.

preclusive effect of the district court's ruling."); *See also Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir.1983) (stating "disapproval of the district court's decision to dispose of this action on the merits without first resolving the question of subject matter jurisdiction").

## V. CONCLUSION

Since this Court lacks subject matter jurisdiction to hear this case, this case is hereby **REMANDED** to the Franklin County Court of Common Pleas.

    **IT IS SO ORDERED.**

       **s/Algenon L. Marbley**
       **ALGENON L. MARBLEY**
       **UNITED STATES DISTRICT COURT**

**Dated: August 30, 2010**